Pérez et al., Petitioners and Appellants, v. Alvarez, Contestant and Appellee.

Appeal from the District Court of Arecibo in Proceedings for Administration.

No. 2831.—Decided June 28, 1923.

Administration—Separate Property.—When a widow who opposes the appointment of an administrator on the ground that the properties of the estate belong to her exclusively because acquired by her during wedlock, part by inheritance and the rest with her own separate money, does not prove the latter allegation and only the acquisition of a part by inheritance, the administration applied for by heirs with capacity to do so will be granted.

The facts are stated in the opinion.

Mr. L. Mercader for the appellants.

Messrs. Largé & Zeno for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Eleuterio Pérez Núñez and his wife, Teresa Castro Zeno, filed in the lower court a verified petition for the appointment of an administrator and alleged that Manuel Pérez Castro, the lawful (sic) father of the petitioners, died intestate in 1921 while married to Josefa Alvarez, there being no issue of that marriage; that the interest of the petitioners was that they and the widow, in her usufructuary right, were his sole heirs; that the deceased left an estate consisting of a farm property and two urban properties, which were described, and that since the death of her husband the widow had received all of the rents of the said properties without giving them any share therein.

The widow, Josefa Alvarez, filed a verified answer to the said petition and while denying that the deceased was the lawful father of the petitioners, admitted that they and she, as usufructuary, were his sole heirs. She denied also that the deceased left the properties referred to in the petition, alleging that the farm property described was her separate property, a part of it having been acquired during a previous wedlock and the rest while she was married to

Manuel Pérez Castro, but with money belonging to her, and that of the two urban properties one half was acquired by her by inheritance and the other half by purchase with her private funds.

From the foregoing it may be seen that the issue between the parties is whether or not the deceased left property subject to partition among the heirs.

On the day set for the hearing only the widow offered evidence with regard to the estate. Her documentary evidence showed that she inherited from her mother an undivided moiety of the urban properties described in the petition, and that she purchased the other half of them while married to Manuel Pérez Castro. She offered parol evidence to show that the farm was her separate property, but it was not admitted.

On these pleadings and this evidence the lower court denied the petition for the appointment of an administrator and from that ruling the petitioners took the present appeal.

The reason for the appointment of an administrator of the estate of a deceased person is that he may take charge of the properties and preserve them for distribution among the heirs; therefore, if the deceased left no property an administrator can not be appointed, for there is no property to be administered, as this court held in *Ex Parte Vega*, 28 P. R. R. 361. For this reason one of the requirements of section 23 of the Special Legal Proceedings Act for the appointment of an administrator is that the petition shall allege that the deceased left property subject to partition, stating its value and kind. But even when this is alleged, if opposition is made to the appointment on the ground that the deceased left no property subject to partition for the reason that the property described in the petition did not belong to him and was not subject to partition, and this is proved clearly by documentary evidence, then there

will be no property to administer and the appointment of and administrator should be denied. The case of *Martínez* v. *Crosas*, 26 P. R. R. 196, has some relation to this case, for in it certain properties were ordered to be returned because it was shown clearly that they did not belong to the deceased.

Although in this case it was shown clearly by authentic documents that half of the two houses was acquired by the widow by inheritance and, therefore, that these do not belong to the deceased and are not subject to partition, yet the other two halves of the said properties acquired during wedlock appear to be community property, as well as one-half of the farm property described by the petitioners, for not only did the respondent fail to produce evidence that it was her separate property, but also in her answer she admitted that she acquired one-half of that property while married to Manuel Pérez Castro, though she alleges that it was purchased with her own private money. Therefore, it appears *prima facie* that there is community property in which the deceased had some interest and that an administrator of that property should be appointed, it being no obstacle thereto that the appointment of a partitioner could have been applied for in accordance with section 1026 of the Civil Code, as we held in the case of *Cabanillas* v. *Torrents*, *ante*, page 40. In the case of *Martínez* v. *Martínez*, 26 P. R. R. 142, this court said that "the fact that an heir is in possession, denying the rights of other heirs, can only serve to emphasize the propriety of naming a judicial administrator, subject to the control of the court."

The order appealed from must be reversed, with instructions that an administrator be appointed.

*Reversed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.